# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 15-10093-EFM

CHRISTOPHER A. REYNOLDS,

*Defendant.*

# MEMORANDUM AND ORDER

On July 21, 2015, a grand jury returned a two-count Indictment charging Defendant Christopher Reynolds with two counts of possession of an unregistered firearm. On October 11, 2016, this Court entered a Memorandum and Order denying Defendant's Motions to Suppress. Defendant subsequently entered a guilty plea to count 1 of the Indictment, and the Government agreed to dismiss count 2. On June 17, 2017, this Court sentenced Defendant to a term of 51 months incarceration and two years of supervised release. One week later, Defendant filed a Notice of Appeal, appealing the Court's decision on his Motions to Suppress to the Tenth Circuit.

This matter comes before the Court on Defendant's Motion for Appeal Bond (Doc. 59). Defendant argues that based on the circumstances of this case the Court should release him on

bond pending his appeal to the Tenth Circuit. The Government does not oppose Defendant's motion.

The Court's authority to grant an appeal bond is set forth in 18 U.S.C. § 3143(b)(1). Under that statute, a convicted defendant who is sentenced to a term of imprisonment must be detained pending appeal unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal,
>> (ii) an order for a new trial,
>> (iii) a sentence that does not include a term of imprisonment, or
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.[1]

The Court applies a two-step analysis to determine whether to release a defendant pending appeal.[2] First, the Court must determine whether the appeal raises a "substantial" question of law or fact.[3] Second, the Court must conclude that "if that substantial question is determined favorably to defendant on appeal, [then] that decision is likely to result in reversal or an order for a new trial of all counts in which imprisonment has been imposed."[4] A "substantial" question is "one of more than substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way."[5]

---

[1] 18 U.S.C. § 3145(b)(1)(A)-(B).

[2] *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985).

[3] *Id.* at 952.

[4] *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)).

[5] *Id.* (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Defendant has met the conditions of § 3143(b)(1) such that the Court may release him on bond pending his appeal.  As the Court noted in the hearing, the Tenth Circuit could plausibly determine that the police officers who arrested Defendant exceeded the scope and duration of the traffic stop when they detained him for 25 minutes in the police car.[6]  Further, the Court finds that Defendant is not likely to flee or pose a danger to the safety of any person or the community.  Defendant has been on bond in this case since July 2015 with no concern and was allowed to self-surrender after sentencing.  His appeal is not for purposes of delay and raises a substantial question of law and fact that could plausibly be reversed on appeal.  Accordingly, the Court concludes that Defendant may be released on bond pending appeal.  He shall continue under the same conditions of release previously ordered.

**IT IS THEREFORE ORDERED** that Defendant Christopher Reynolds' Motion for Appeal Bond (Doc. 59) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 6th day of July, 2017.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[6] The Court does not believe its Suppression Order to have been incorrect, nor likely to be reversed, but it agrees with Defendant that such a finding is not required.  Instead, it is plausible, or conceivable, that the Circuit could view the matters raised in the suppression hearing differently, and this Court concludes that nothing more is required for this standard.